UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR MALDONADO-TORRES,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action No.  08-853 (CKK) |
| ) | |
| MICHAEL MUKASEY *et al.*,  ) | |
| ) | |
| Respondents.  ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff has filed a *pro se* petition for a writ of *habeas corpus*, which will be dismissed upon *sua sponte* review for lack of subject matter jurisdiction.

I.  BACKGROUND

Petitioner is currently incarcerated under federal sentence after a conviction in the United States District Court for the Middle District of Florida.  (Pet. at 7, 13.)  He seeks immediate release (*id*. at 1), asserting that he "was the victim of a fraudulent indictment, conviction, and sentencing," and that his conviction is therefore "illegal."  (*Id.; see also id.* at 18.)  More specifically, he explains that the statutes under which he was convicted, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), prohibiting possession with intent to distribute 500 grams of methamphetamine, and 18 U.S.C. § 924(c)(1), penalizing possession of a firearm in furtherance of a drug offense (*id.* at 13), were not validly enacted laws, and therefore not enforceable (*id.* at 20-21).  "As the statutes pursuant to which petitioner was indicted, convicted, and sentenced were never enacted into positive law, [they] are unconstitutional on their face and are null and void and the court has a duty to issue an[] order for [petitioner's] release."  (*Id.* at 21.)  He also

argues that because the criminal law was void in the first place, the sentencing court was without jurisdiction. (*Id.* at 36.) In a similar fashion, he disputes the validity of other related statutes, such as 18 U.S.C. § 3231, which confers on the district courts of the United States original jurisdiction of all offenses against the laws of the United States. (*Id.* at 45.) He also contends that he had ineffective assistance of counsel (*id.* at 10), but does not develop this the argument beyond pointing out that the "issues presented herein are not legal rocket science" (*id.* at 22).

Petitioner further argues that 28 U.S.C. § 2255 is a "nullity." (*Id.* at 5.) As with the criminal statutes he challenges, he argues that because 28 U.S.C. §§ 2241 and 2255 were "never enacted into positive law," they "are unconstitutional on their face, and are null and void ab initio," and that he therefore has a right to pursue relief under 28 U.S.C. § 1561. (*Id.* at 24.) Accordingly, petitioner intentionally presents his request for relief as a petition brought under 28 U.S.C. § 1651, rather than as a motion under 28 U.S.C. § 2255. (*Id.* at 3.)

## II.  DISCUSSION

As a court of limited jurisdiction, a federal district court has an affirmative obligation to examine, *sua sponte,* its jurisdiction to entertain a case. *See Doe by Fein v. Dist. of Columbia,* 93 F.3d 861, 871 (D.C. Cir. 1996). In so doing, the court may undertake an independent investigation to assure itself of its own subject matter jurisdiction. *Haase v. Session,* 835 F.2d 902, 908 (D.C. Cir. 1987). And, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A prisoner in custody may attack his federal conviction and sentence through a motion brought under 28 U.S.C. § 2255. That statute provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  It further restricts the option of a prisoner in custody under federal sentence to seek relief through an application for a writ of *habeas corpus*.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that an attack on the constitutionality of the statute under which a defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) ("Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction."); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (stating that the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).  A federal prisoner in custody may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality his detention."  28 U.S.C. § 2255; *Kramer*, 347 F.3d at 217 (noting that "§ 2255 contains a savings clause permitting prisoners to proceed under § 2241 (usually reserved for attacking the execution, not imposition,

of a sentence) in those cases where § 2255 is inadequate or ineffective to test the legality of [the] detention.") (internal quotation marks and citation omitted).

Here, the petitioner did not disclose in his filing whether or not the he had failed to move for relief under § 2255, or whether he had so moved and was denied.  However, the Court takes judicial notice that the public docket for Civil Action 07-1009 in the United States District Court for the Middle District of Florida shows that petitioner filed a motion under § 2255 on June 12, 2007, which was denied by court order on September 19, 2007.  Subsequently, petitioner's motion to reconsider was denied with an order permitting petitioner to seek authorization from the Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion.  Accordingly, because petitioner has been denied relief on his § 2255 motion, this Court has no jurisdiction over this petition unless petitioner can show that "the remedy by motion [under § 2255] is inadequate or ineffective."  28 U.S.C. § 2255(e).

Although petitioner does not directly raise or address the matter of § 2255's inadequacy or ineffectiveness, the petition may fairly be construed to assert that the § 2255 remedy is inadequate because the statute is a "nullity," having never been properly enacted into law according to petitioner.  (Pet. at 5.)  This argument, however, has no factual basis and is therefore without merit.  Moreover, it is well-settled that § 2255 is not inadequate as a remedy merely because an individual did not prevail on the motion.  "[A] petitioner may not complain that the remedies provided him by § 2255 are inadequate merely because he was unsuccessful when he invoked them." *Boyer v. Conaboy*, 983 F. Supp. 4, 8, (D.D.C. 1997) (alterations, internal quotation marks and citation omitted).  "Indeed, the federal courts have been virtually unanimous

that . . . '[l]ack of success in the sentencing court does not render his remedy inadequate or ineffective.'" *Id.* (citing cases).

### III.  CONCLUSION

For the foregoing reasons, this Court has determined it does not have subject matter jurisdiction of this case and will therefore dismiss the petition. A separate Order accompanies this Memorandum Opinion.

Date: September 15, 2008

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge